Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement submitted prior to the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer, and the defendant-employer is self-insured.
3. The date of the alleged occupational disease, which is the subject of this claim, is April 29, 1996.
4. Plaintiff's average weekly wage was $355.98, which yields a compensation rate of $237.32 per week.
 ***********
Based upon the competent evidence of record herein, the Full Commission adopts the findings of fact of the deputy commissioner with minor modifications and finds as follows:
 FINDINGS OF FACT
1. Plaintiff, an employee of defendant-employer, was first seen by Dr. Mark Franczak on April 4, 1996, complaining of numbness in her hand. Subsequently, on April 29, 1996, based upon nerve conduction studies, Dr. Franczak diagnosed carpal tunnel syndrome in both hands with the left hand being more severe than the right hand.
2. Subsequently, Dr. Franczak referred plaintiff to Dr. Robert E. Price who performed a left carpal tunnel release on August 5, 1996, which was successful. Dr. Price returned plaintiff to work effective September 13, 1996, without permanent restrictions or modifications of her job and with no permanent impairment rating.
3. Plaintiff's job with defendant-employer was as a health care technician who worked a third shift from 10:00 p.m. to 6:00 a.m. Plaintiff took care of sixteen residential patients. During this third shift, approximately two-thirds of these resident patients would sleep throughout the night, and as to the other residents, they would require the need for approximately sixteen diaper changes per eight-hour shifts. These changes made on the patients involved approximately every couple of hours. Further, during the course of her shift, plaintiff would lock and unlock doors and cabinets approximately twenty times. At such times that the resident would awake in the morning, plaintiff would help dress them, make their beds, fold their clothes, and generally supervise the residents. Once or twice a month, plaintiff would have the job of doing the laundry for the entire cottage of residents. At the end of each shift, plaintiff would have approximately five to ten minutes of writing, summarizing events and occurrences which occurred during the preceding shift. During this eight-hour shift, plaintiff would normally have some down time during which her main obligation would be to observe the residents subject to the occasional diaper change.
4. A review of the records of defendant-employer since the 1970's reveals no record of a health care technician developing carpal tunnel syndrome as a result of his or her work.
5. In his deposition and in a letter of November 18, 1996, Dr. Robert E. Price was of the opinion that there was nothing in plaintiff's job which would be deemed as repetitive actions which would expose her as a health care technician to a greater risk to develop carpal tunnel than a member of the general public, and nothing to indicate that plaintiff's carpal tunnel syndrome is an occupational disease peculiar to and characteristic of her job as a health care technician. Further, Dr. Price, who is the treating physician in this matter and who performed the left carpal tunnel release, gave no impairment rating to the employee in regards to her left hand, and placed plaintiff under no permanent restrictions or modification in regards to her job.
6. Plaintiff asked for a second opinion from her employer as to the causation of her carpal tunnel syndrome, and subsequently, plaintiff was sent to Dr. Chris J. Lambertsen of Durham, North Carolina, who reviewed the treatment notes of Dr. Franczak and Dr. Price in this matter, and saw the employee on July 22, 1997, and August 5, 1997.
7. In rendering a second opinion as requested by the plaintiff, Dr. Christian J. Lambertsen, by letter dated July 28, 1997, agreed with Dr. Price that plaintiff's carpal tunnel syndrome was not related to her job.
8. Dr. Mark Franczak is of the opinion that plaintiff's job did contribute to her carpal tunnel syndrome, but could not testify directly that plaintiff's carpal tunnel syndrome was an occupational disease characteristic of or peculiar to plaintiff's occupation as a health care technician, nor could he testify with probability that the two elements of the plaintiff's job which involved the most hand movement, unlocking doors and changing diapers, could be a cause of her carpal tunnel syndrome.
9. The Full Commission gives greater weight and credibility to the testimony of Dr. Price and to Dr. Lambertsen.
10. Plaintiff's job as a health care technician for defendant did not cause, or significantly contribute to the development of her carpal tunnel syndrome. Plaintiff's employment did not place her at an increased risk of developing carpal tunnel syndrome over the general public not so employed.
 ***********
Based on the foregoing findings of fact and stipulations, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff has failed to prove by the greater weight of the evidence and especially by the competent medical evidence, that she has sustained an occupational disease that is characteristic of and peculiar to her employment with defendant-employer. Plaintiff has further failed to prove by the greater weight of the evidence that her symptoms of carpal tunnel syndrome are causally related to her job activities with defendant-employer. Therefore, plaintiff is not entitled to compensation benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim under the law must be and is hereby denied.
2. Each side shall pay its own costs.
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ J. HOWARD BUNN, Jr. CHAIRMAN
S/_____________ CHRISTOPHER SCOTT COMMISSIONER